United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE SANTOS ACOSTA ANGELES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-625 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Jose Santos Acosta Angeles is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, the Fourth Amendment, and the retroactivity doctrine.

For the following reasons, the Court concludes that Petitioner is not entitled to relief.[1]

**I.**

Petitioner argues that his continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates his Fifth Amendment due process rights.

Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Castellano v. Strong*, No. 6:26-

[1] The Court previously granted relief to Petitioner following the Fifth Circuit's decision in *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. July 2, 2026). (*See* Order, Doc. 6) After the Fifth Circuit vacated that decision, *see Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. July 10, 2026), the Court withdrew its prior Order. (*See* Order, Doc. 9)

CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time."). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning in these decisions to be persuasive. For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner additionally contends that Respondents failed to follow federal regulations when detaining him under Section 1225. Such a claim is typically brought under the doctrine of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025). But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025). The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat the proposed *Accardi* claim.

**II.**

Petitioner alleges a violation of his rights under the Fourth Amendment, stating that his "arrest by Respondents without the issuance of a warrant is unlawful[.]" (Pet., Doc. 1, ¶ 119)

Under Section 1357(a)(2), a federal officer may effectuate a warrantless arrest "if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" But for

purposes of a habeas action, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); cf. *Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine).

**III.**

Petitioner also alleges a cause of action entitled, "Violation of Retroactivity Doctrine[,]" alleging that "the government's new interpretation and application of [Section 1225(b)(2)(A)] . . . is unlawful under the well-established retroactivity doctrine and precedent applying it to the INA." (Pet., Doc. 1, ¶ 121)

Petitioner does not specify the exact nature of this cause of action. He includes quoted language in his allegations, but without the source. The quoted material appears sourced from decisions concerning whether a court should retroactively apply to a newly-enacted statute. *See, e.g., Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994). In the present case, Petitioner does not challenge new legislation. In a distinct context, the Fifth Circuit has explained that the "presumption against retroactivity is merely a tool of statutory interpretation, not a separate claim for relief." *Lopez Ventura v. Sessions*, 907 F.3d 306, 310 (5th Cir. 2018) (involving review of a Board of Immigration Appeal ruling). To the extent that this principle forms the basis of Petitioner's cause of action, and that Petitioner bases the claim on the argument that Respondents' application of Section 1225(b)(2)(A) departs from the United States's past application of that provision, the Fifth Circuit considered that position in *Buenrostro*.

**IV.**

The Court finds that the Petitioner is not entitled to the relief sought. Accordingly, it is:

**ORDERED** that Petitioner Jose Santos Acosta Angeles's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person Subject to Unlawful Detention (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on August 31, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge